THE STATE v. CRABTREE, Appellant.

Division Two, May 10, 1904.

MANSLAUGHTER: Evidence. Evidence *held* sufficient to justify a verdict of guilty of manslaughter in the fourth degree.

Appeal from Dunklin Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

*Ely & Kelso* for appellant.

*Edward C. Crow,* Attorney-General, and *C. D. Corum* for the State.

GANTT, P. J.—On the fourteenth day of May, 1901, the prosecuting attorney of Dunklin county, Missouri, filed an information against the defendant for murder in the first degree. *The information was duly sworn to by the prosecuting attorney.* The defendant waived formal arraignment and entered his plea of not

guilty, and upon a trial had on the eighteenth day of November, 1902, he was convicted of manslaughter in the fourth degree and sentenced to imprisonment in the penitentiary for a term of two years.

The facts, briefly, are that during the month of December, 1900, several persons who lived in Dunklin county started on a hunting expedition. Among those in the crowd were the defendant and the deceased. When the party had reached Hickory landing, on Little creek, they began to shoot at a target with their pistols. After this had continued for some time, Crabtree, the defendant, and Chandler, the deceased, made a wager of six dollars that the defendant could not hit a hat at a distance of one hundred yards with a shotgun. The money was placed in the hands of a stakeholder, the shot was made, and a dispute arose as to whether the defendant had missed his aim. But Chandler, the deceased, allowed the stakeholder to pay the money over to the defendant, and they stood facing each other, Chandler with his shotgun in his hand, and Crabtree with his right hand in his hip pocket. Neither seemed to be excited and both conversed in an undertone. Chandler started to raise his gun, one barrel of which was cocked. The defendant took hold of the gun and shoved it aside and immediately drew his pistol and shot Chandler in the left temple, from the effects of which he instantly died.

The defendant, testifying in his own behalf, stated that he shot the deceased in order to save his own life. But the evidence tends to show that he was not in any immediate danger or that the defendant had any reasonable cause to believe that it was necessary for him to shoot the deceased, in order to protect himself.

The court instructed the jury on murder in the second degree, manslaughter in the fourth degree, self-defense, reasonable doubt and the weight to be given to the testimony of the defendant.

The information was sufficient to charge murder in

the first degree, and it is not deemed necessary to re-produce it.

No motion in arrest was filed, and the defendant is not represented in this court by counsel, and hence no point is made on the sufficiency of the record proper. The instructions cover every aspect of the law arising from the facts developed on the trial and such as have often been approved by this court.

We discover no error in the record, and the judgment is accordingly affirmed.

*Burgess* and *Fox*, *JJ.*, concur.